Trey Crawford – SBN 24059623
Michael J. Lang -SBN 24036944
Alexandra Ohlinger - SBN 24091423
Gracen Moreno - SBN 24116248
David M. Akere - SBN 24126294
**CRAWFORD WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Fascimile: (214) 602-6551
tcrawford@cwl.law
mlang@cwl.law
aohlinger@cwl.law
gmoreno@cwl.law
dakere@cwl.law

***Counsel for Defendant***
***Blackstone Investments I, Ltd.***

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**WITH PURPOSE, INC.,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 23-30246-mvl-7**<br><br>**Chapter 7** |
| **SCOTT M. SEIDEL, TRUSTEE,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**BLACKSTONE INVESTMENTS I, LTD.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 25-03014-mvl** |

**DEFENDANT BLACKSTONE INVESTMENTS I, LTD.'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Blackstone Investments I, Ltd., ("Defendant") hereby files its Original Answer to Trustee's First Amended Complaint [Doc. # 1] (the "Complaint") and Affirmative Defenses and respectfully states as follows:

## DEFENDANT'S ANSWER TO THE COMPLAINT

## I. SUMMARY

1. Defendant admits that Plaintiff has filed a fraudulent transfer claim. Defendant denies all remaining allegations in Paragraph 1.

## II. JURISDICTION AND VENUE

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Paragraph 4 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 4 does include allegations for which an admission or denial is required, Defendant denies same. Defendant denies any implication that it committed any acts or actions that would support any claims referenced in Paragraph 4 and denies that Plaintiff is entitled to any damages or other relief as set forth therein.

## III. PARTIES

5. Defendant lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 5, which also contains legal conclusions.

6. Defendant admits the allegations in Paragraph 6.

## IV. FACTUAL BACKGROUND

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits the first sentence of Paragraph 9. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant denies the first sentence of Paragraph 10. Defendants admit the remaining allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant admits that Debtor transferred $550,194.18 to it. Defendant denies the remaining allegations in Paragraph 12.

13. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 13 and, therefore, denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant admits that Toby Neugebauer ("Neugebauer") served as the managing member of Skytop Holdings, LLC ("Skytop"), which is the general partner of Blackstone. Defendant admits that Blackstone's business address was the same as one of the Debtor's business addresses. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits that Blackstone advanced certain expenses on Debtor's behalf and had a receivable balance. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that Debtor reimbursed Blackstone for certain expenses that Blackstone advanced for Debtor. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant admits Debtor was founded in May of 2021. Defendant denies the remaining allegations in Paragraph 22.

23. The allegations in Paragraph 23 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 23.

24. The allegations in Paragraph 24 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 30.

31. The allegations in Paragraph 31 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 33.

34. Defendant denies the last sentence of Paragraph 34. The remaining allegations in Paragraph 34 regarding the content of documents are not allegations for which an

admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant also denies the remaining allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. The allegations in Paragraph 37 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 regarding the content of emails are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 38.

39. The allegations in Paragraph 39 regarding the content of emails are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 39.

40. The allegations in Paragraph 40 appear to be content of documents, which are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 40.

41. The allegations in Paragraph 41 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those

documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 42.

43. The allegations in Paragraph 43 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 43.

44. The allegations in Paragraph 44 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. The allegations in Paragraph 47 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 47.

48. The allegations in Paragraph 48 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those

documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 48.

49. The allegations in Paragraph 49 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 49.

50. The allegations in Paragraph 50 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendant denies the allegations in Paragraph 50.

51. Defendant does not have sufficient information to admit nor deny the allegations in Paragraph 51 and, therefore, Defendant denies same.

52. Defendant does not have sufficient information to admit nor deny the allegations in Paragraph 52 and, therefore, Defendant denies same.

53. Defendant does not have sufficient information to admit nor deny the allegations in Paragraph 53 and, therefore, Defendant denies same.

54. Defendant does not have sufficient information to admit nor deny the allegations in Paragraph 54 and, therefore, Defendant denies same.

55. Defendant admits that Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 8, 2023. Defendant denies any other allegation, express or implied, in Paragraph 55.

## V. CLAIMS FOR RELIEF

### A. COUNT I: Avoidance of Transfer – Actual Fraudulent Transfer (11 U.S.C. § 548(a)(1)(A))

56. Defendant restates and realleges its admissions and denials as set forth herein in response to Paragraph 56 of the Complaint.

57. Defendant admits that Debtor transferred $500,194.18 to Blackstone ($119,154.16 on December 17, 2021; $404,225.17 on December 31, 2021; and $26,814.85 on February 7, 2022). Defendant denies the remaining allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

### B. COUNT II: Avoidance of Transfer – Actual Fraudulent Transfer (TEX. BUS. & COM. CODE § 24.005(a)(1))

63. Defendant restates and realleges its admissions and denials as set forth herein in response to Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant admits that Debtor transferred $500,194.18 to Blackstone ($119,154.16 on December 17, 2021; $404,225.17 on December 31, 2021; and $26,814.85 on February 7, 2022). Defendant denies the remaining allegations in Paragraph 65.

66. Defendant admits that $550,194.18 was transferred to it. Defendant denies the remaining allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 70 does include allegations for which an admission or denial is required, Defendant denies same. Defendant denies any implication that it committed any acts or actions that would support any claims referenced in paragraph 70 and denies that Plaintiff is entitled to any damages or other relief as set forth therein.

71. Defendant denies the allegations in Paragraph 71.

**C. COUNT III: Avoidance of Transfer – Constructive Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))**

72. Defendant restates and realleges its admissions and denials as set forth herein in response to Paragraph 72 of the Complaint.

73. Defendant admits the allegations in Paragraph 73.

74. Defendant admits that $550,194.18 was transferred to it. Defendant denies the remaining allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

**D. COUNT IV: Avoidance of Transfer – Constructive Fraudulent Transfer (TEX. BUS. & COMM. CODE § 24.005(a)(2))**

78. Defendant restates and realleges its admissions and denials as set forth herein in response to Paragraph 78 of the Complaint

79. Defendant denies the allegations in Paragraph 79.

80. Defendants admit that Debtor transferred $500,194.18 to Blackstone ($119,154.16 on December 17, 2021; $404,225.17 on December 31, 2021; and $26,814.85 on February 7, 2022). Defendant denies the remaining allegations in Paragraph 80.

81. Defendant admits that $550,194.18 was transferred to it. Defendant denies the remaining allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 84 does include allegations for which an admission or denial is required, Defendant denies same. Defendant denies any implication that it committed any acts or actions that would support any claims referenced in paragraph 84 and denies that Plaintiff is entitled to any damages or other relief as set forth therein.

85. Defendant denies the allegations in Paragraph 85.

**E. COUNT V: Recovery of Voidable Transfer (11 U.S.C. § 550)**

86. Defendant restates and realleges its admissions and denials as set forth herein in response to Paragraph 86 of the Complaint.

87. Defendant admits the allegations in Paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

**F. COUNT VI: Disallowance of Claim (11 U.S.C. § 502)**

91. Defendant restates and realleges its admissions and denials as set forth herein in response to Paragraph 91 of the Complaint.

92. Defendant admits that Debtor transferred $500,194.18 to Blackstone ($119,154.16 on December 17, 2021; $404,225.17 on December 31, 2021; and $26,814.85 on February 7, 2022). Defendant denies the remaining allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant admits it has not "paid back" the transfers but denies any allegation in Paragraph 94, express or implied, that it was required to do so (or that not doing so subjects it to any liability for the claims asserted in the Complaint).

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

**G. COUNT VII: Pre-Judgment and Post-Judgment Interest, Attorneys' Fees, and Expenses**

98. Defendant restates and realleges its admissions and denials as set forth herein in response to Paragraph 98 of the Complaint

99. Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

## VI. PLAINTIFF'S PRAYER

101. Defendant denies that Plaintiff is entitled to any of the relief that it requests in the Prayer of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. In further Answer to the Complaint, and by way of separate and individual

defenses and affirmative defenses, Defendant alleges as follows:

2. Defendant is entitled to offset for amounts owed to Defendant by Debtor.

3. Debtor was not insolvent at the time of the alleged fraudulent transfers.

4. Any alleged transfers were in payment of a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant and were made according to ordinary business terms.

5. Debtor received reasonably equivalent value for the transfers to Defendant.

6. Plaintiff may not avoid the alleged transfers to Defendant pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because:

a. Debtor was solvent when the alleged transfers were made, or did not become insolvent as a result of the alleged transfers;

b. Debtor was not engaged or about to engage in business or transactions for which any property remaining with Debtor was unreasonably small capital; or

c. Debtor did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured.

7. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not hold Defendant liable pursuant to 11 U.S.C. § 550.

8. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not disallow any claims of Defendant pursuant to 11 U.S.C. § 502.

9. Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefitted Debtor and were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence.

10. Plaintiff is not entitled to an award of attorneys' fees under applicable state law, the Bankruptcy Code, or any other applicable law as Plaintiff has shown no legal or

factual basis for such an award.

11. Defendant reserves the right to amend this Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

**<u>DEFENDANTS' PRAYER FOR RELIEF</u>**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court enter a take nothing judgment against Plaintiff, deny any and all relief requested by Plaintiff, enter judgment in favor of Defendant, and grant Defendant such other relief, at law or equity, to which it may be justly entitled.

Dated: May 1, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

*/s/ Trey Crawford*

Trey Crawford
SBN 24059623
tcrawford@cwl.law
Michael J. Lang
SBN 24036944
mlang@cwl.law
Alexandra Ohlinger
SBN 24091423
aohlinger@cwl.law
Gracen Moreno
SBN 24116248
gmoreno@cwl.law
David M. Akere
SBN 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Blackstone Investments I, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I served a copy of the foregoing document electronically to all filers of record via the CM/ECF system and/or email.

*/s/ Trey Crawford*

Trey Crawford