Chase J. Potter
Texas Bar No. 24088245
Joshua L. Shepherd
Texas Bar No. 24058104
Benjamin L. Weible
Texas Bar No. 24068834
Ryan M. Anderson
Texas Bar No. 24143563
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536
potter@imcplaw.com
shepherd@imcplaw.com
weible@imcplaw.com
anderson@imcplaw.com

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR TRUSTEE

Davor Rukavina
Texas Bar No. 24030781
Thomas D. Berghman
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Suite 4000,
Dallas, Texas 75201-6605
Telephone: (214) 855-7500
drukavina@munsch.com
tberghman@munsch.com

COUNSEL FOR
SCOTT M. SEIDEL, TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WITH PURPOSE, INC.** | § | **Case No. 23-30246-MVL-7** |
| | § | |
| ***Debtor*.** | § | |

| | | |
|---|---|---|
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Adv. No. 25-03014-mvl** |
| | § | |
| **BLACKSTONE INVESTMENTS I, LTD.,** | § | |
| | § | |
| | § | |
| ***Defendant*.** | § | |

# TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT BLACKSTONE INVESTMENTS I, LTD. AND BRIEF IN SUPPORT

Plaintiff Scott M. Seidel (the "Trustee" or "Plaintiff"), as the duly appointed Chapter 7 Trustee for the estate of With Purpose, Inc. (the "Debtor" or "WPI"), files this Motion to Compel Discovery and Brief in Support (the "Motion") against Defendant Blackstone Investments I, Ltd. ("Blackstone" or "Defendant"), and shows:

## I. DEFENDANT AGREED TO PRODUCE DOCUMENTS BUT HAS PRODUCED NONE

1. This Motion asks the Court to require Blackstone to do what it said it would do: produce documents. In its written responses, Blackstone agreed to produce documents in response to the Trustee's requests for production listed below (the "Agreed Requests"), but it conditioned production on "the parties agreeing on a discovery protocol." No rule requires a protocol.

2. The Trustee tried to avoid this Motion. The Trustee's counsel wrote to Blackstone's counsel, identified each request at issue, and asked for production by October 15, 2026.[1] Additionally, the Trustee's counsel asked Blackstone to state the basis for any refusal to produce responsive documents. Blackstone did not respond and has produced nothing. The Trustee therefore asks the Court to compel Blackstone to comply with its discovery obligations and immediately produce non-privileged responsive documents.[2]

## II. FACTUAL BACKGROUND

3. The Trustee seeks to avoid and recover three transfers from the Debtor to Blackstone totaling not less than $550,194.18, made on December 17, 2021, December 31, 2021,

[1] The majority of the events set forth herein, including the conference efforts, were conducted by the parties through their respective counsel. For readability, this Motion often refers to actions taken by counsel as actions of the party.

[2] This Motion is limited to the requests for production identified above. It does not seek relief on the Trustee's interrogatories or requests for admission or on any request for production to which Blackstone objected, and the Trustee reserves all rights as to those matters, including the right to seek relief in a later motion.

and February 7, 2022 (the "Transfers"). Adv. Dkt. No. 24 ¶¶ 12-13. Toby Neugebauer controlled the Debtor's financial affairs and served as managing member of Skytop Holdings, LLC, Blackstone's general partner. *Id.* ¶¶ 14-15. The Trustee alleges that the Debtor received no value in exchange for the Transfers. *Id.* ¶¶ 57, 60.

4. Discovery is set to close in this matter on February 1, 2027. Adv. Dkt. No. 36 at 2.

5. On July 27, 2026, the Trustee served his First Set of Discovery on Blackstone (the "Requests"). Ex. A at App. 001-022. On September 9, 2026, after an agreed extension, Blackstone served its Objections and Responses (the "Responses"). Ex. B at App. 023-039. Blackstone produced no documents with the Responses.

6. For each Agreed Request, Blackstone gave the same response: "Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol." Ex. B at App. 026. The Responses set no date for production. Blackstone also stated that it "will produce financial records concerning the Transfers, to the extent they exist." *Id.* at App. 026 (Global Objection 1). Blackstone's only comment on any Agreed Request was that, as to RFP 26, "these materials of the Debtor are more easily accessible to the Debtor." It agreed to produce those materials anyway. *Id.* at App. 029.

7. Blackstone gave no substantive response to RFP 16-24, stating that it had been unable to locate the Requests themselves. *Id.* at App. 028-029. It then stated that it had "not identified any documents responsive to these requests" and listed four generic objections (overbreadth, proportionality, relevance, and privilege) to requests it said it had not seen. *Id.* at App. 029.

8. Although the Trustee's counsel had served the purportedly missing RFP 16-24 with the initial discovery requests, it sent Blackstone's counsel a complete copy of the Requests again

on September 10, 2026, and again on October 1, 2026. Ex. D at App. 043-064; Ex. C at App 040-042. Blackstone has not supplemented its response.

*9.* On October 1, 2026, Trustee's counsel's emailed Blackstone requesting that Defendant produce documents responsive to the Agreed Requests. Trustee's counsel noted that many of the Responses condition production on "the parties agreeing on a discovery protocol" and stated: "[W]e are unaware of a required protocol outside the Federal Rules. If you refuse to produce the records absent this undefined protocol, please advise and provide the basis for your refusal no later than October 7, 2026. We can consider this communication our conference on that discrete matter." Ex. C at App. 040-042. The email asked that responsive documents be produced "no later than October 15, 2026." *Id.*

10. Blackstone did not respond by October 7, 2026, or at any time since, and it has not produced any documents. The Trustee has no remaining means of resolving this dispute without the Court's intervention.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

11. The Federal Rules of Civil Procedure (the "Federal Rules") governing discovery apply with full force in adversary proceedings. FED. R. BANKR. P. 7034; FED. R. BANKR. P. 7037. Under Rule 34, a party may serve a request to produce documents within the scope of Rule 26(b) that are in the responding party's possession, custody, or control. FED. R. CIV. P. 34(A)(1). The responding party must respond in writing within thirty days after service. FED. R. CIV. P. 34(B)(2)(A). For each item or category, the response must either state that the request will be complied with or state with specificity the grounds for objecting. FED. R. CIV. P. 34(B)(2)(B). A

party that commits to produce documents must complete that production, "no later than the time for inspection specified in the request or another reasonable time specified in the response." *Id.*

12. When a party fails to produce documents as requested under Rule 34, the requesting party may move for an order compelling production. FED. R. CIV. P. 37(A)(3)(B)(IV). Evasive or incomplete responses are treated as failures to respond and are themselves grounds to compel. FED. R. CIV. P. 37(A)(4). If a motion to compel discovery is granted (or if the responding party produces only after the motion is filed), the court "must" require the responding party to pay the movant's reasonable expenses, including attorney's fees, unless the responding party's position was "substantially justified" or other circumstances would make an award unjust. *See* FED. R. CIV. P. 37(A)(5)(A).

**B. Blackstone Must Produce the Documents It Agreed to Produce,**

13. This is straightforward: Blackstone must produce the documents it agreed to produce. It agreed to produce documents in response to the Agreed Requests. Ex. B at App.022-038. It then tied that promise to a "discovery protocol" and set no date. A mere commitment to produce, standing alone, is not compliance. Production must be completed "no later than the time for inspection specified in the request or another reasonable time specified in the response," and Blackstone specified none. FED. R. CIV. P. 34(B)(2)(B). More than twelve weeks after service of the requests, no time has proven convenient.

14. Nothing in Rule 26 or Rule 34 makes a discovery protocol a precondition to production. The Trustee told Blackstone on October 1 that he was "unaware of a required protocol outside the Federal Rules" and asked Blackstone to state the basis for any refusal. Ex. C at App. 041. Blackstone said nothing.

15. Search terms are also irrelevant to much of what Blackstone agreed to produce. The Agreed Requests include requests for bank records for a specific account (RFP 7), promissory notes and loan documents (RFP 8), board minutes and written consents (RFP 26), and documents showing any litigation hold (RFP 40). Blackstone does not need search terms to find those documents. And Blackstone made an unconditional commitment to produce "financial records concerning the Transfers, to the extent they exist." Ex. B at App. 022-038 (Global Objection 1). Blackstone has not honored its commitment.

16. Blackstone must "fully answer each interrogatory or document request to the full extent that it is not objectionable" and must "affirmatively explain whether any responsive information or documents have been withheld." *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014); *accord Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018). A party resisting discovery "must have a valid objection to each one in order to escape the production requirement." *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990); *accord Lopez*, 327 F.R.D. at 580. Objections not timely asserted are generally waived. *Lopez*, 327 F.R.D. at 582.

17. Blackstone has asserted no valid objection to producing documents in response to the Agreed Requests. Its offer to run search terms does not change that. Search terms are a method for locating responsive material, and they carry "several known limitations . . . that can reduce their effectiveness if not properly addressed." *See Deal Genius, LLC v. O2COOL, LLC*, 682 F. Supp. 3d 727, 733 (N.D. Ill. 2023) (Favro, Special Master). Chief among them, search terms "tend to be under-inclusive": documents that do not contain the precise wording of a term "will be excluded from the search results," leaving "key discoverable information undetected and thus not produced." *Id.* at 734. An agreed search protocol is therefore a tool in service of the production

obligation, not a substitute for, or a precondition to, it. A reasonably accessible document that is responsive to a discovery request must be produced without regard to the parties' agreement to use search terms. *See Albert v. Lab'y Corp. of Am.*, 536 F. Supp. 3d 798, 801 (W.D. Wash. 2020). Blackstone must produce the documents it agreed to produce, and the Court should compel production.

**C. Blackstone Has Not Responded to RFP 16-24, and the Court Should Order a Written Response and Production.**

18. Blackstone's response to RFP 16-24 is not a response. A party must either state that it will produce or "state with specificity the grounds for objecting to the request, including the reasons," and an objection "must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(B)(2)(B)-(C). Blackstone says it has not seen the requests, promises a later response, and in the same breath lodges four generic objections without saying whether it is withholding anything. A party cannot both claim it never received a request and object to it with specificity. Boilerplate or unsupported objections are not valid objections. *See Heller*, 303 F.R.D. at 483-84.

19. From a pure factual standpoint, RFP 16-24 were served on July 27, 2026, as part of the same set to which Blackstone responded. Blackstone has had a second complete copy since September 10, 2026. It has had every opportunity to respond and has not. The Trustee requests that the Court order Blackstone to serve a written response to RFP 16-24 and to produce responsive, non-privileged documents.

## IV. CONCLUSION

The Trustee respectfully requests that the Court enter an order: (i) compelling Blackstone to produce, within seven (7) days of the Court's order, all responsive, non-privileged documents within its possession, custody, or control in response to RFP Nos. 1, 7-15, 26, and 30-40; (ii)

compelling Blackstone to serve a written response to RFP Nos. 16-24 without objection and to produce all responsive, non-privileged documents within the same time; and (iii) granting the Trustee such other and further relief to which he is justly entitled.

Respectfully submitted,

*/s/ Benjamin L. Weible*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**BENJAMIN L. WEIBLE**
Texas Bar No. 24068834
E-Mail: weible@imcplaw.com
RYAN M. ANDERSON
Texas Bar No. 24143563
E-Mail: anderson@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**COUNSEL FOR THE AGENT AND SPECIAL COUNSEL FOR TRUSTEE**

-and-

**DAVOR RUKAVINA**
Texas Bar No. 24030781
drukavina@munsch.com
**THOMAS D. BERGHMAN**
Texas Bar No. 24082683
tberghman@munsch.com
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Telephone: (214) 855-7500

**COUNSEL FOR TRUSTEE**

## CERTIFICATE OF CONFERENCE AND VERIFICATION OF COUNSEL

I hereby certify that counsel for the Trustee has in good faith attempted to confer with counsel for Blackstone to resolve the matters raised in this Motion without Court intervention. On October 1, 2026, the Trustee's counsel sent counsel for Blackstone a written communication identifying the requests at issue, asking Blackstone to state the basis for any refusal to produce by October 7, 2026, and requesting production by October 15, 2026. Blackstone's counsel did not respond, and Blackstone has not produced any documents. The Trustee presumes this Motion is opposed.

I hereby verify that the factual statements set forth in paragraphs 2, 9, and 10 of this Motion, which further describe the conference efforts made by the Trustee's counsel, are within my personal knowledge and are true and correct.

*/s/ Benjamin L. Weible*
BENJAMIN L. WEIBLE

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Defendant.

*/s/ Benjamin L. Weible*
BENJAMIN L. WEIBLE