**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**WITH PURPOSE, INC.,**<br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 23-30246-mvl-7**<br>**Chapter 7** |
| **SCOTT M. SEIDEL, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BLACKSTONE INVESTMENTS I, LTD.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 25-03014-mvl** |

**DEFENDANT'S RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT**

Defendant Blackstone Investments I, Ltd. ("Blackstone" or "Defendant") hereby files this response in opposition to Trustee's Motion to Compel Discovery from Defendant Blackstone Investments, I, LTD. and Brief in Support, filed October 22, 2026 (Adv. Dkt. No. 39) and shows as follows

## I. Summary of Response

The Trustee's Motion to Compel (the "Motion") seeks two forms of relief: (a) production of documents responsive to Requests for Production ("RFP") Nos. 1, 7–15, 26, and 30–40 (the "Agreed Requests"), which Blackstone agreed to produce subject to the parties agreeing on a discovery protocol; and (b) an order requiring Blackstone to serve a written response to RFP Nos. 16–24 without objection and to produce responsive, non-

privileged documents. Motion ¶¶ 1, 19 & at 7–8. By its own terms, the Motion goes no further. Motion at 2 n.2 (limiting the Motion to the identified RFPs and stating that it does not seek relief on interrogatories, requests for admission, or any RFP to which Blackstone objected).

The request as to the Agreed Requests is moot. On November 2, 2026—about three months before the February 1, 2027 discovery deadline—Blackstone produced 139 documents totaling 738 pages (BLACKSTONE_SEIDEL_000001 through BLACKSTONE_SEIDEL_000738), consisting of financial records gathered through targeted searches directed to the specific Transfers at issue. *See* Ex. A (transmittal email serving discovery on November 2, 2026). And on November 12, 2026, Blackstone served its First Amended Objections and Responses, which provide a written response to each of RFP Nos. 16–24. *See* Ex. B (transmittal email serving First Amended Objections and Responses).

The Trustee's request for fees under Rule 37(a)(5)(A) should likewise be denied. Blackstone never refused to produce documents; it sought, in good faith, to agree on a proportional search protocol for electronically stored information, and then made a targeted production going to the heart of this case on November 2, 2026, about three months before the close of discovery. On the protocol issue, the Trustee moved on the strength of a single October 1, 2026 email that declared itself the parties' conference, without any live conference between counsel. On this record, Blackstone's position was substantially justified, and an award of expenses would be unjust.

## II. BRIEF FACTUAL BACKGROUND

This adversary proceeding concerns three transfers from the Debtor, With Purpose, Inc., to Blackstone on December 17, 2021, December 31, 2021, and February 7, 2022, totaling

$550,194.18 (the "Transfers"). Adv. Dkt. No. 24 ¶¶ 12–13; Motion ¶ 3. Discovery in this proceeding closes on February 1, 2027. Adv. Dkt. No. 36 at 2; Motion ¶ 4.

On September 9, 2026, after an agreed extension, Blackstone served its Objections and Responses (the "Responses"). Trustee Ex. B at App. 023–039; Motion ¶ 5. In the Responses, Blackstone agreed to produce documents responsive to the Agreed Requests, subject to the parties agreeing on a discovery protocol. As to RFP Nos. 16–24, Blackstone stated that it had been unable to locate those requests, and that a reasonable search had found no responsive documents. Trustee Ex. B at App. 028–029; Motion ¶ 7. Blackstone's First Amended Objections and Responses supersede the September 9 Responses to RFP Nos. 16–24 in their entirety. On October 1, 2026, the Trustee's counsel sent an email requesting production by October 15, 2026, and asking Blackstone to state any basis for refusal by October 7, 2026. Trustee Ex. C at App. 040–042; Motion ¶ 9. The email stated that the Trustee was "happy to confer on the objections," but, as to the protocol, declared: "We can consider this communication our conference on that discrete matter." *Id.* Blackstone did not respond to that email in writing. Motion ¶ 10.

The Trustee filed and served the Motion on October 22, 2026. Adv. Dkt. No. 39. No live conference between counsel had occurred before the Motion was filed. On November 2, 2026, Blackstone made its initial production. The Motion seeks production on the Agreed Requests and a written response to RFP Nos. 16–24 without objection, together with production. Motion at 7–8. It invokes the expense-shifting provision of Rule 37(a)(5)(A). Motion ¶ 12. Footnote 2 limits the Motion to the identified RFPs and disclaims relief on interrogatories, requests for admission, or any RFP to which Blackstone objected. Motion at

2 n.2. The proposed order, however, would compel production in response to all requests for production in the Trustee's First Set of Discovery. Proposed Order ¶ 1.

As Blackstone's counsel represents, on November 2, 2026, about three months before the close of discovery, Blackstone produced 139 documents, totaling 738 pages, Bates-numbered BLACKSTONE_SEIDEL_000001 through BLACKSTONE_SEIDEL_000738. *See* Ex. A (Nov. 2, 2026 transmittal email). The production resulted from targeted searches directed to the specific Transfers and includes vendor payables, budgets, balance sheets and other accounting documents, financial statements, bank statements, audits, expense reimbursements, cash flow forecasts, and intercompany expense records. These documents go to the core issues in this case: what money was transferred and how the Debtor treated it.

## III. ARGUMENT AND AUTHORITIES

### A. The Motion is moot as to the Agreed Requests.

A motion to compel production is moot where the responding party has produced the documents sought. *Collins v. Catastrophe Response Unit USA, Inc.*, No. 4:22-CV-1073-SDJ, 2026 U.S. Dist. LEXIS 155087, at *7 (E.D. Tex. July 14,2026) (denying motion to compel as moot where non-movant produced responsive documents and materials); *Blades v. Martin Marietta Materials, Inc.*, Civil Action No. 2:24-CV-00055-AM-MHW, 2025 U.S. Dist. LEXIS 187197, at *4 (W.D. Tex. July 25, 2025) (same); *Maxell, Ltd. v. Coretronic Corp.*, No. 5:24-cv-88-RWS-JBB, 2025 U.S. Dist. LEXIS 255037, at *2 (E.D. Tex. July 29, 2025) (same). The Motion asks the Court to order Blackstone to produce documents responsive to the Agreed Requests. Blackstone has done so in part. Its November 2, 2026 production of 738 pages captures, through targeted searches tied directly to the Transfers, the accounting, banking, and financial

records that bear on what was transferred and how the Debtor treated it. Blackstone will complete its production of the remaining documents responsive to the Agreed Requests, including communications, text messages, fee-arrangement documents, and litigation-hold documents, by December 1, 2026. Upon completion of that production, there will be nothing left for the Court to compel.

The timing of the production confirms that judicial intervention is unnecessary. Blackstone produced documents within the discovery period, three months before the February 1, 2027 deadline, leaving the Trustee ample time to review the production, raise any specific deficiency, and complete any follow-up discovery. Should the Trustee believe any particular category of documents is missing, the proper course is a focused conference with Blackstone—not an order compelling production that has already occurred.

**B. The request for a written response to RFP Nos. 16–24 is moot.**

On November 12, 2026, Blackstone served its First Amended Objections and Responses, which provide a written response to each of RFP Nos. 16–24. *See* Exhibit B (transmittal email serving First Amended Objections and Responses). Blackstone stated that no responsive documents had been found but agreed to produce responsive documents to the extent that later searches find them. As to RFP No. 23, Blackstone stated specific objections and expressly identified that it is withholding documents on the basis of those objections, as Rule 34(b)(2)(C) requires. Upon service and completion of that production, the remaining relief sought in the Motion will have been provided, and the Motion should be denied as moot. *Ekpo v. Lone Star Commc'ns, LLC*, Civil Action No. 3:24-CV-2096-D, 2026 U.S. Dist. LEXIS 168270, at *15 (N.D. Tex. July 29, 2026) (denying motion to compel as moot where amended

discovery responses appeared to cure the deficiencies raised in the motion, while otherwise largely granting the motion); *Moseti v. Mary Kay*, No. 3:25-CV-1313-K-BW, 2025 U.S. Dist. LEXIS 222457, 2025 WL 3154521, at *5 (N.D. Tex. Nov. 12, 2025) (in alternative ruling on one interrogatory, finding request moot where plaintiff did "not identify any deficiency in the amended response").

Blackstone's objection to RFP No. 23 is well founded, and Blackstone urges it here. *See Lopez*, 327 F.R.D. at 583 (party must urge and argue its objection in response to a motion to compel). RFP No. 23 seeks "[a]ll Documents and/or Communications regarding the Family Office Card," including every statement, charge record, and payment record for the six months from October 1, 2021, through March 31, 2022. The Trustee's theory is that funds from the Transfers were used to pay the Family Office Card. What bears on that theory is whether, when, and in what amounts Transfer funds were applied to the card—not what was charged to it. As written, the request reaches every charge on the card for six months, the great majority of which are transactions that have nothing to do with the Debtor, the Transfers, or any claim or defense. Those records do not make any fact of consequence more or less probable, and an undirected demand for "all documents" regarding a subject, untethered to the claims, does not satisfy Rule 26(b)(1) or Rule 34(b)(1)(A). *See Lopez*, 327 F.R.D. at 575–76.

Nor is RFP No. 23 needed to reach the relevant information. The Court must limit discovery that is "unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2)(C)(i); *Lopez*, 327 F.R.D. at 583–84. And proportionality weighs against producing six months of unrelated card activity in a case about three transfers totaling $550,194.18. Motion ¶ 3; FED. R. CIV. P. 26(b)(1). Consistent with Rule 34(b)(2)(C), Blackstone's objection goes only to the

unrelated charge detail. Because Blackstone rests on relevance, overbreadth, and proportionality rather than undue burden, no evidentiary showing of burden is required. *Cf. Lopez*, 327 F.R.D. at 580 (affidavit or other evidence required to support burden objection).

Nor should the Court order a response "without objection." The Motion asks for a response "without objection," Motion at 7–8, and cites *Lopez*, 327 F.R.D. at 582, for the proposition that untimely objections are waived. But waiver is not automatic: the Court may excuse the failure for good cause. *Lopez*, 327 F.R.D. at 582. Good cause exists here. Blackstone's September 9 Responses stated that it had been unable to locate RFP Nos. 16–24 as served, and they nonetheless put the Trustee on notice of relevance and overbreadth grounds. Trustee Ex. B at App. 028–029. Blackstone then served an amended response that states each objection with specificity and whether any responsive materials are being withheld, as Rule 34(b)(2)(C) requires. FED. R. CIV. P. 34(b)(2)(C). And the Trustee suffers no prejudice: discovery remains open until February 1, 2027. Requiring Blackstone to abandon a well-founded objection would serve no purpose.

**C. The proposed order exceeds the relief the Motion requests.**

Even if any relief were warranted, the Trustee's proposed order should not be entered. Footnote 2 states that the Motion is limited to the identified RFPs and does not seek relief on any RFP to which Blackstone objected. Motion at 2 n.2. Yet paragraph 1 of the proposed order would compel production of all non-privileged documents responsive to every request for production in the Trustee's First Set of Discovery. Proposed Order ¶ 1. The Court should not enter an order broader than the Motion itself, and it should not adjudicate objections the Trustee expressly chose not to challenge.

### D. The Court should deny the Trustee's request for expenses under Rule 37(a)(5)(A).

Rule 37 applies in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7037. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). And even where the requested discovery is provided after the motion is filed, the Court "must not order" payment of expenses if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(i)–(iii). The presumption in favor *of* expenses is thus rebuttable on any of these three grounds. 1 Moore's AnswerGuide: Federal Discovery Practice § 17.12. Each applies here.

***First***, the Trustee's pre-motion conferral on the protocol issue was minimal. FED. R. CIV. P. 37(a)(5)(A)(i). The Trustee's own exhibit shows that his only effort on that issue was a single October 1, 2026 email, which unilaterally declared: "We can consider this communication our conference on that discrete matter." Trustee Ex. C at App. 040–042. Blackstone acknowledges that it did not respond to that email in writing. Motion ¶ 10. But the Trustee then moved to compel without any live conference between counsel. An email that declares itself the conference is not the kind of good-faith attempt to resolve a dispute without court action that Rule 37 contemplates. Local Bankruptcy Rule 7007-1(b) likewise requires that a certificate of conference report a conference, including its date and the attorneys who participated, or explain why a conference was not practicable. L.B.R. 7007-1(b). The Trustee's

certificate reports only a single email. Moreover, neither the Motion's prayer nor the proposed order asks for fees. Blackstone does not contend that this circumstance alone bars an award, but it weighs against one.

***Second***, Blackstone's position was substantially justified. Blackstone did not refuse to produce or assert a burden objection to the Agreed Requests; it agreed to produce on the Agreed Requests, committed to produce financial records concerning the Transfers, and sought agreement only on the method for searching electronically stored information. Trustee Ex. B at App. 026. Blackstone offered a search-term protocol for that purpose. Trustee Ex. B at App. 032 (Response to Interrogatory No. 1). Discovery is limited to matters "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1); *see Faulkner v. Ford Motor Credit Co. (In re Reagor-Dykes Motors, LP)*, Adv. No. 20-05005, 2021 Bankr. LEXIS 3004, at *2-3 (Bankr. N.D. Tex. Oct. 29, 2021). By the Motion's own account, this case concerns three transfers totaling $550,194.18. Motion ¶ 3. The requests generally span January 1, 2021 to the present and include requests for all text and messaging-application communications of Blackstone's partners, officers, and representatives on personal or business devices. Trustee Ex. A at App. 010–016. Agreeing on search terms and custodians before collecting such materials was a reasonable method of proceeding.

The Rules further require the Court to limit discovery that is unreasonably cumulative or duplicative or that "can be obtained from some other source that is more convenient, less

burdensome, or less expensive," FED. R. CIV. P. 26(b)(2)(C), and authorize protective relief against undue burden or expense, FED. R. CIV. P. 26(c). Many of the requests seek the Debtor's own financial and corporate records, which are available to the Trustee, who controls the estate. *See* Trustee Ex. B at App. 029 (objecting that Debtor materials are more easily accessible to the Debtor). A negotiated protocol was a reasonable means of applying these limits to requests of this breadth, and the result bears that out: Blackstone's November 2 production was targeted to the Transfers themselves, comprising 139 documents and 738 pages of accounting, banking, and financial records that go to what was transferred and how the Debtor treated it.

A good-faith effort to agree on the method of ESI collection, in a case of this size and in response to requests of this breadth, is a position on which reasonable people could differ, and it was substantially justified. *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024) ("A party's discovery conduct is found to be substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." (internal quotation marks and citation omitted)).

***Third***, the combined circumstances here make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(iii). Blackstone produced 139 documents totaling 738 pages on November 2, 2026, roughly three months before the February 1, 2027 discovery deadline. The Trustee has suffered no prejudice: he has the documents most central to his claims with ample time remaining for review and any follow-up. And Blackstone will agree to a reasonable extension of the Trustee's November 19, 2026 expert-disclosure deadline. Blackstone pursued a good-faith, proportional approach rather than refusing discovery. Blackstone does not contend that

any one of these circumstances independently bars expenses; taken together, they make an award unjust.

## IV. PRAYER

Defendant Blackstone Investments I, Ltd. respectfully requests that the Court (a) deny the Trustee's Motion to Compel as moot (b) deny any request for expenses, including attorney's fees, under Rule 37(a)(5)(A); and (c) grant Blackstone such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: November 12, 2026

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson
State Bar No. 20039200
jtillotson@tillotsonlaw.com
Austen Irrobali
State Bar No. 24092564
airrobali@tillotsonlaw.com
Sara K. Babineaux
State Bar No. 24125102
sbabineaux@tillotsonlaw.com
Ian K. Miller
State Bar No. 24149222
imiller@tillotsonlaw.com
**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above and foregoing document has been served electronically upon all parties or their counsel of record in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure on November 12, 2026.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson